# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH C. GIBBS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PEOPLE OF THE COURT, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-01005-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Keith C. Gibbs ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on June 15, 2021, together with a motion requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, in the Sacramento Division of the Eastern District of California. (ECF Nos. 1, 2.) Plaintiff filed a prisoner trust fund account statement on June 16, 2021. (ECF No. 5.) The action was transferred to the Fresno Division on June 25, 2021. (ECF No. 6.)

On June 28, 2021, the Court issued an order denying Plaintiff's application to proceed *in forma pauperis*, without prejudice, to allow Plaintiff an opportunity to clarify his financial condition and adequately demonstrate financial hardship. (ECF No. 8.) The Court noted that

1

1  although Plaintiff's certified trust account indicated a current available balance of $0.10, (ECF
2  No. 5), Plaintiff reported cash or checking or savings accounts in the amount of $50,000,000.00.
3  (ECF No. 2, pp. 3, 4.)  Plaintiff was directed to explain whether he currently has access to
4  $50,000,000.00, and if he does, why he is not using those funds to pay the filing fee for this
5  action.  (ECF No. 8.)

6  On July 16, 2021, Plaintiff filed a renewed application to proceed *in forma pauperis*.
7  (ECF No. 10.)  In this application, Plaintiff again represented that he has cash (including the
8  balance of checking or savings accounts) in the total amount of $50,000.000.  (ECF No. 10, p. 2.)
9  Plaintiff also represented that he has $300.00 in his prison trust account, had an average monthly
10 balance of $300.00 during the past six months, and received average monthly deposits of $300.00
11 to his trust account.[1]  (*Id.*)  Despite the Court's instructions, Plaintiff has failed to explain whether
12 he currently has access to the $50,000,000.00 he claims to possess, and why he has not used those
13 funds to pay the filing fee for this action.

14 Examination of Plaintiff's certified trust account statement, (ECF No. 5), compared
15 against Plaintiff's application to proceed *in forma pauperis*, (ECF No. 10), provides inconclusive
16 evidence of Plaintiff's financial condition.  Nevertheless, Plaintiff has continued to represent that
17 he possesses $50,000,000 in cash or in checking or savings accounts and receives average
18 monthly deposits to his trust account of $300.00.  (ECF No. 10.)  Without further clarifying
19 information from Plaintiff, the Court must find that Plaintiff possesses more than sufficient
20 financial means to pay the filing fee for this action.

21 Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
22 District Judge to this action.

23 Further, it is HEREBY RECOMMENDED that:

24 1. The motion to proceed *in forma pauperis* (ECF No. 10) be DENIED; and

25 ///

26

---

27 [1] Although the certification portion of the application is intended to be completed by the institution of incarceration, it appears that Plaintiff has completed and signed this portion, and the
28 Court therefore relies on these representations.

2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 19, 2021**                         /s/ Barbara A. McAuliffe            
                                                            UNITED STATES MAGISTRATE JUDGE